USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: OCT 09 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

EDWARD MILLER,

               Plaintiff,

-against-

MICHAEL J. ASTRUE, Commissioner of Social Security,

               Defendant.

------------------------------------- X

MEMORANDUM DECISION AND ORDER

12 Civ. 3709 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

*Pro se* Plaintiff Edward Miller ("Miller") brought this action under the Social Security Act (the "Act"), 42 U.S.C. § 1383(c)(3), challenging the Commissioner of Social Security's (the "Commissioner") denial of his claim for disability benefits on the ground that Miller was not disabled under the Act. Miller asks the Court to modify the Commissioner's decision and grant him monthly maximum insurance and/or Supplemental Security Income ("SSI") benefits, retroactive to the date of the initial disability, or in the altenative, to remand the case for reconsideration of the evidence. The Commissioner moved for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Magistrate Judge Ellis recommended that the Commissioner's motion be granted and this case be dismissed.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *28 U.S.C. § 636(b)(1)(C)*. When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which the objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to

1

the magistrate judge with instructions. *See Fed. R. Civ. P. 72(b)*; *28 U.S.C. § 636(b)(1)(C)*. The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Ellis advised the parties that, pursuant to 28 U.S.C. § 631(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. (ECF 21). Neither party objected to the Report. As there is no clear error on the face of the record, this Court adopts Magistrate Judge Ellis's Report in its entirety.

In reviewing a denial of Social Security benefits, a court must determine whether: (i) the Commissioner applied the correct legal principles in making a decision and (ii) the decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Arnone v. Bowen,* 882 F.2d 34,37 (2d Cir. 1989); *Johnson* v. *Bowen,* 817 F.2d 983, 985; *Mimms* v. *Heckler,* 750 F.2d 180,185 (2d Cir. 1984); *Richardson* v. *Perales,* 402 U.S. 389,401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and must be "more than a mere scintilla." *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co.* v. *NLRB,* 305 U.S. 197,229 (1938)).

2

## I. THE COMMISSIONER APPLIED THE CORRECT LEGAL PRINCIPLES

Under the Act, a person is considered disabled when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); *Beauvoir* v. *Chater,* 104 F.3d 1432, 1433 (2d Cir. 1997). Furthermore, the impairment must result in severe functional limitations that prevent the claimant from engaging in any substantial gainful activity. 42 U.S.c. § 423(d)(2); *Rosa* v. *Callahan,* 168 F.3d 72, 77 (2d Cir. 1999). To determine whether an individual is entitled to receive disability benefits, the Commissioner is required to conduct the following five-step inquiry: (i) determine whether the claimant is currently engaged in any substantial gainful activity; (ii) if not, determine whether the claimant has a "severe impairment" that significantly limits his ability to do basic work activities; (iii) if so, determine whether the impairment is one of those listed in Appendix I of the regulations; if it is, the Commissioner will presume the claimant to be disabled; (iv) if not, determine whether the claimant possesses the residual functional capacity ("RFC") to perform his past work despite the disability; and (v) if not, determine whether the claimant is capable of performing other work. 20 C.F.R. § 404.1520; *Rosa,* 168 F.3d at 77; *Gonzalez* v. *Apfel,* 61 F. Supp. 2d 24, 29 (S.D.N.V. 1999). The ALJ's evaluation is entitled to deference since he observed the claimant's demeanor and heard the testimony first-hand. *Pena v. Chater,* 968 F. Supp. 930, 938 (S.D.N.Y. 1997), aff'd sub nom. *Pena v. Apfel,* 141 F.3d 1152 (2d Cir. 1998) (citing *Alejias v. Social Security Administration,* 445 F. Supp. 741, 744 (S.D.N.Y.1978).

To reach his conclusion, the ALJ conducted the test required by 20 C.F.R. §§ 404.1527, 416.920. Specifically, the ALJ found that: (i) Miller has not engaged in substantial gainful

activity since the date of his application for disability benefits; (ii) Miller did not have a medically determinable impairment that was "severe"; and (iii) even if Miller were considered to have a severe impairment, he still had the RFC to perform the full range of light work and would thus be considered "not disabled" under the Act. Magistrate Judge Ellis correctly found that the ALJ properly followed the requisite sequential analysis, and that Miller retained the residual functional capacity to work.

## II.   THE COMMISSIONER'S DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD

Magistrate Judge Ellis correctly found that the ALJ's conclusion that Miller did not have a severe impairment which would preclude him from performing light and sedentary work activities at the unskilled level is supported by substantial evidence in the record. The ALJ reached his decision by observing Miller at the hearing and by examining the evidence, including medical records and expert testimony. The ALJ also gave weight to the medical opinions and observations of Miller's treating physicians. Additionally, the ALJ considered Miller's allegations of pain, and found that they were not entirely credible. Furthermore, Magistrate Judge Ellis correctly found that the ALJ properly concluded that Miller could do other work and is not disabled under the Act. To reach this conclusion, the ALJ properly considered Miller's residual functional capacity and his vocational factors, evaluated Miller's medical records and testimony, considered Miller's daily activities and observed his behavior and demeanor at the hearing.

Given the evidence in the record, Magistrate Judge Ellis correctly concluded that the ALJ's finding that Miller is not eligible for SSI benefits was determined under the correct legal standard and supported by substantial evidence.

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. The case is dismissed.

Dated: New York, New York
       September 23, 2013

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge